COMMISSIONERS OF HIGHWAYS OF TOWN OF TOLONO *et al.*

*v.*

LOU N. BEAR *et al.*

*Opinion filed December 22, 1906.*

1. HIGHWAYS—*signatures to road petition cannot be withdrawn on appeal to supervisors.* Signatures to a petition to highway commissioners to vacate and re-locate a road cannot be withdrawn upon motion by a part, only, of the petitioners upon appeal to the supervisors, after the commissioners have acted upon the petition.

2. SAME—*the supervisors have no power to collect and disburse "inducements."* Under section 60 of the Road and Bridge act, supervisors hearing an appeal in a road case have the same power as the highway commissioners have under section 51 to enter into contracts for inducements, but they have no power to collect and disburse money so offered as inducements, and their action in so doing is not an acquittance of the other contracting parties.

3. SAME—*what does not invalidate record of road proceeding.* A statement of the receipts and disbursements of the supervisors, in their final order altering a road, may be rejected as surplusage, and its presence in the order does not render the record of such proceeding open to attack by *certiorari*.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

The commissioners of highways of the town of Tolono and the commissioners of highways of the town of Colfax, Champaign county, Illinois, were petitioned by twenty-eight land owners of the two towns to alter or to vacate and re-locate a portion of a public highway along and near the line between said towns. On January 20, 1904, the commissioners considered the petition, found they had jurisdiction, that the petition had the requisite number of signers, and they refused to grant its prayer. An appeal, seeking to reverse entirely the decision of the commissioners, was taken by three of the interested land owners to three supervisors. On February 17, 1904, said appeal came on to be heard before the supervisors, and at that time nineteen of the signers

of the original petition presented to the supervisors a written request for leave to withdraw their names from the original petition, stating that they had signed it under a mistake of fact, and that in their judgment public interest did not demand the change in the road. ' This request was not granted. The supervisors adjourned until February 23, when they held another meeting and determined to grant the prayer of the petition, and adjourned to a later date. At the time of the meeting of February 23 the supervisors received from the property owners who had prayed the appeal an offer of $200 as "inducements" to grant the prayer of the petition. Not being able to agree on the amount of damages with the owners of a certain part of the land necessary for a road, a jury was empaneled before a justice of the peace and the compensation and damages of the land owners fixed. Thereafter, and on March 24, 1904, to which date the consideration of the appeal had been adjourned, the supervisors met again and made a final order altering the road. The supervisors at that time were paid by the three land owners the $200 in cash, and disbursed the whole of that sum in paying costs and expenses occasioned by the appeal and leaving a balance of such costs and expenses unpaid. In the final order the supervisors included an itemized statement showing the amount of money received by them, the persons to whom and the purposes for which they had paid it, and showing also all the costs and expenses incurred while the appeal was pending.

Thereafter, on June 1, 1904, upon a petition filed by the highway commissioners of the two towns, the circuit court ordered a writ of *certiorari* to issue against the three supervisors, commanding them to send up their record. Return was made in compliance with the writ, and, after a hearing in the circuit court, on January 31, 1905, the writ was quashed and the petition dismissed at the cost of the petitioners. Later the commissioners sued out this writ of error, and contend here that the supervisors should have granted

the request of those petitioners who sought to withdraw their names, and that had that request been granted the supervisors would have been without authority to proceed, for the reason that the petition would then have lacked the statutory number of signers; that the action of the supervisors in receiving and disbursing the money offered as "inducements" was illegal and cast doubt upon the validity of their final order.

A question was also made in the brief and argument of plaintiffs in error in reference to the form of the judgment. Since that brief was filed that objection has been obviated by a correction of the transcript of the record.

MANFORD SAVAGE, and CUNNINGHAM & BOGGS, for plaintiffs in error.

RAY, DOBBINS & RILEY, for defendants in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

The request of certain petitioners to be allowed to withdraw their names from the petition for the alteration of the road having been first made after the commissioners of highways had passed upon the petition, came too late. A motion of this kind, made by a part, only, of the petitioners, could not be allowed by the supervisors on appeal unless it had been made in apt time before the commissioners. *Littell* v. *Board of Supervisors,* 198 Ill. 205; *Mack* v. *Polecat Drainage District,* 216 id. 56; *Kinsloe* v. *Pogue,* 213 id. 302; *Black* v. *Campbell,* 112 Ind. 122.

Section 51 of chapter 121, Hurd's Revised Statutes of 1905, authorizes persons interested to offer inducements for the alteration of any road by entering into contracts with the commissioners of highways, conditioned upon the alteration of the road, to pay money or other valuable thing to the town for the benefit of the road and bridge fund. Section 60 of

chapter 121, *supra,* gives to the supervisors the power to enter into the same kind of contract with interested parties offering inducements, the money to be payable as specified by section 51, *supra.* The supervisors, however, had no authority to collect the money offered as an inducement. The payment to them does not constitute an acquittance of the parties paying, but the highway authorities may proceed either against the persons who offered the inducements or against the supervisors for the collection of the sums paid to the latter. Nor had the supervisors authority to disburse the money. There is not, however, anything in the record attacked in this proceeding to indicate corruption or bad faith on their part. They evidently collected the money and paid it out under a misapprehension in regard to the rights and powers conferred on them by the law. It is not seriously contended in this court that the receipt and disbursement of this money by the supervisors makes illegal their record altering the road. Counsel for plaintiffs in error say in reference thereto: "It may be doubted whether the illegal and wanton misappropriation of the funds contributed by land owners, in the manner shown by the record these three supervisors have made, is sufficient cause for the court to set aside all proceedings had under the appeal," but that such a violation of the statute "cannot strengthen them any in this case."

The statement of the supervisors' receipts and disbursements was improperly included in the final order altering the road. It had no proper place there in any event, but it does not affect that portion of that order which provides for the alteration, and is therefore surplusage. The sufficiency of the record is not affected by that surplusage, nor by the fact that the supervisors received and disbursed the $200 without being lawfully authorized so to do.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*