### Charles E. Ross et al., Appellants, v. The People ex rel. Chris Demlow et al., Appellees.

MANDAMUS—*when lies against highway commissioners.* Mandamus lies against highway commissioners to compel them to proceed to do all in their power to open up a road for public travel, the propriety of which has been finally determined by the Supreme Court.

Mandamus. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 21, 1908.

SAVAGE & WOODS, for appellants.

RAY & DOBBINS, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

At the April, 1907, term of the Circuit Court of

Champaign county the state's attorney upon the relation of appellees, Demlow and Holl, filed a petition for *mandamus* against the appellants as commissioners of highways of the towns of Tolono and Colfax, in Champaign county, to compel them to lay out and open a road on the township lines between said townships, to pay the damages occasioned by the laying out of the road and the costs occasioned by the appeal of the relators, Demlow and Holl, to the supervisors from an order refusing to grant the road made by the appellants as highway commissioners. The petition sets forth the proceedings theretofore had in reference to laying out of the road; the issuance of a writ of *certiorari* by the Circuit Court of Champaign county; the judgment of that court quashing the writ and dismissing the petition at the costs of the petitioners; and alleges that the Supreme Court entered judgment December 23, 1906, affirming the judgment of the Circuit Court. Commissioners v. Bear, 224 Ill. 259.

To the petition appellants filed their answer setting forth, in substance, that the defendants as commissioners could only levy a sum not exceeding 60 cents on each $100 of taxable property in their respective towns, and that the sums so realized were required for ordinary road purposes and that they had no funds on hand from which to pay the damages, costs and legal expenses connected with a laying out of said road; that they had no authority to levy an additional tax until they had certified to the town auditors of the respective towns the necessity therefor and had obtained the consent of said boards; that they had no opportunity to present the matter to said boards since the decision of the Supreme Court, for the reason that such boards had not and would not meet until in September, 1907, and that they, as commissioners, would have no legal right and it was not their duty either to certify the necessity for an additional levy to the boards of auditors of said towns, or to levy an

additional tax, or to open the road, or to draw orders for the payment of damages and costs, until such boards of auditors had met and authorized such additional levies.

The relators filed a general demurrer to said answer which was sustained by the court. The defendants elected to stand by their answer as amended, whereupon the court entered judgment against the defendants upon the demurrer, and ordered that the writ of *mandamus* issue against the defendants requiring them to proceed to open the road in question, and to issue the necessary warrants upon their respective treasurers as prayed in the petition.

From such ruling and judgment of the court the defendants have appealed.

We are of opinion that the Circuit Court was warranted in issuing the order for *mandamus* granted. They had power to and it was the plain duty of the commissioners, after the affirming order of the Supreme Court had been filed, to proceed to do all in their power to expedite the opening of the road for public travel. Their answer discloses that they have done nothing whatever to that end.

The mere fact that in December, 1906, there were no funds available in the treasuries of said townships for the payment of the damages, even if properly pleaded, is no legal justification for the failure to draw orders for the damages.

The statute expressly provides that such orders are payable only out of the tax to be levied and only when the money shall be collected. Rev. Stat. 1905, p. 1725. They also had power to and it was their duty to proceed to certify to the boards of town auditors the necessity of an additional levy without awaiting the convening of the same. It is true that they had no right or power at the time of the filing of the petition to levy an additional tax. The effect of the order appealed from was not, however, to command them to make the levy forthwith but to do so in the

due course of the proceedings provided for by the statute. No legal excuse is presented by the answer for the failure of the defendants to perform the preliminary acts mentioned, and the demurrer thereto was properly sustained. A clear, legal right to the relief granted was shown by the petition and the writ was properly awarded.

The judgment will therefore be affirmed.

*Affirmed.*