THE PEOPLE *ex rel.* Thomas C. Kerrick, Plaintiff in Error, *vs.* THE COMMISSIONERS OF HIGHWAYS OF SULLIVANT TOWNSHIP, Defendants in Error.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. STATUTES—*object in construing a statute is to ascertain the legislative intent.* The object in construing a statute is to ascertain and give effect to the legislative intent, and to that end the whole act, the law existing prior to its passage, any changes in the law made by the act and the apparent motive for making such changes, will be weighed and considered.

2. SAME—*when the word "may" will be held to mean "shall."* The fact that the language of a statute is permissive in form of expression does not determine the question of the legislative intent, and the word "may" will be held to mean "must" or "shall" in cases where public interests and rights are concerned and where the public or third persons have a claim of right that the given power shall be exercised.

3. HIGHWAYS—*act of 1913, providing that commissioners may reduce width of public road on petition, is mandatory.* In view of the facts that section 73 of the Road and Bridge act of 1913 provides that all public roads established under such act shall be forty

feet wide, and that section 74 withdraws the question of the consideration of the public interest from the commissioners upon a petition by adjoining land owners to narrow an existing public road to the width of forty feet, which question was reserved to the commissioners by the acts of 1897 and 1907, it must be held that said section 74 is mandatory, notwithstanding its language is permissive in form.

4. SAME—*road may be narrowed on petition for less than its entire length in the township.* If a majority of the land owners along one mile of road in a township petition the commissioners of highways to narrow such mile of road to a width of forty feet it is the duty of the commissioners to grant the prayer of the petition, even though the road extends for six miles in the township.

5. SAME—*when signers of a petition cannot withdraw names.* The signers of a petition to highway commissioners to narrow a public road cannot withdraw their names after the commissioners have acted upon the petition and suit is begun in the circuit court to compel the commissioners to grant the prayer of the petition.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

THOMAS C. KERRICK, *pro se,* and BRACKEN & YOUNG, for plaintiff in error.

CLOUD & THOMPSON, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Thomas C. Kerrick, plaintiff in error, filed his petition in the circuit court of Ford county for a writ of *mandamus* commanding the commissioners of highways of Sullivant township, defendants in error, to reduce the width of a public road one mile in length and fifty feet in width between sections 24 and 25, in Sullivant township, to a width of forty feet, in accordance with the prayer of a petition presented to them and signed by the owners of the land along the line of the road and which they had rejected. The defendants answered, and by paragraph 1 admitted the filing of the petition but denied that it truly set forth all matters

of fact therein stated. By paragraph 2 they denied that the public highway was one mile in length, but alleged that it continued westward from the northeast corner of section 25 in a direct line for six miles to the west line of the township. By paragraph 3 they admitted that the signers of the petition were owners of all of the land along the line of the road between sections 24 and 25, but denied that they were a majority of the land owners along the line of the whole road six miles in length. By paragraph 4 they admitted considering and rejecting the petition. By paragraph 5 they denied that the law was mandatory and required them to grant the prayer of the petition, and alleged that the question of reducing the width of the highway was one resting in their sound discretion. By paragraph 6 they alleged that two land owners who signed the petition withdrew their names therefrom on December 2, 1914, which was after the suit was begun and during its pendency. The relator replied to paragraph 2 that the road described in the petition was laid out and established as a public road one mile in length about thirty-five years ago, and that no public road extending westward from the west end thereof was laid out until twenty years after the road in question was established. The defendants demurred to the replication, and the court sustained the motion of the relator to carry the demurrer to the replication back to paragraph 2 of the answer and sustained the demurrer to that paragraph. The defendants elected to stand by paragraph 2. The relator demurred to paragraphs 1, 3, 5 and 6. The court, in accordance with the ruling concerning paragraph 2, sustained the demurrer to paragraph 3 and also sustained the demurrer to paragraph 6, and the defendants elected to stand by those paragraphs. The court overruled the demurrers to paragraphs 1 and 5 and the relator elected to stand by the demurrers. The relator having elected to stand by the demurrers to paragraphs 1 and 5 and refusing to reply, the court dismissed the petition

and rendered judgment against the relator for costs. This suit was brought by writ of error to review the judgment.

The court erred in overruling the demurrer to paragraph 1 of the answer, which merely alleged that the petition did not truly set forth all the matters of fact therein stated, without setting forth in what respect it failed to truly state any fact or specifying any fact upon which an issue could be formed.

On the substantial questions involved, errors and cross-errors have been assigned, and they are three in number: First, whether the law required the defendants, as commissioners of highways, to grant the prayer of a petition to narrow a road if the petition complied with the statute; second, whether it was necessary that the petition presented should have been signed by a majority of the land owners along the six miles of road; third, whether the legal rights of the relator were affected by the act of two land owners in withdrawing their signatures after the suit was begun.

Section 73 of the present Road and Bridge act, which became a law in 1913, provides that all public roads established under the act shall be of the width of forty feet, and section 74 is as follows:

"Sec. 74. *Reducing width of roads.*—The commissioners of highways of any town or road district may reduce the width of any existing public road within any town or road district to a width of forty feet when the same is petitioned for by a majority of the land owners along the line of said road, within said town or district. When possible the land so vacated by reducing the width of the road shall be taken equally from both sides of the public highway. In cases of natural obstructions on one side of the public highway or where the said road extends along the right of way of any railroad, river or canal, the commissioners are authorized to reduce the width of the road on one side only."

The language of the section is permissive in form, but the form of expression in that respect does not determine the question of the legislative intent. That form is frequently used where it is plain that the General Assembly intended not merely to give permission but to establish a right, and it is uniformly held that the word "may" means "must" or "shall" in cases where the public interests and rights are concerned and where the public or third persons have a claim of right that the power shall be exercised. (*County of Schuyler* v. *County of Mercer,* 4 Gilm. 20; *Kane* v. *Footh,* 70 Ill. 587; *Fowler* v. *Pirkins,* 77 id. 271; *Brokaw* v. *Highway Comrs.* 130 id. 482; *Canal Comrs.* v. *Sanitary District,* 184 id. 597; *Pierson* v. *People,* 204 id. 456.) The object in construing a statute is to ascertain and give effect to the intention of the General Assembly, and to that end the whole act, the law existing prior to its passage, any changes in the law made by the act, and the apparent motive for making such changes, will be weighed and considered. *Stribling* v. *Prettyman,* 57 Ill. 371; *Soby* v. *People,* 134 id. 66.

One of the most effective means to ascertain the legislative intent in the adoption of a new statute is to consider it in reference to the state of the law before its adoption, and particularly with reference to previous legislation upon the same subject. (*Wright* v. *People,* 101 Ill. 126.) Looking at the previous legislation, we find that section 30 of the Road and Bridge law, as amended in 1897, declared that all public roads established under the act should be of the width of sixty feet, but if a majority of the land owners petitioning for a new road should petition for a less width, the commissioners might, when the interests of the public permitted, lay out a road of a width of not less than forty feet, and there was a proviso to section 31 as follows: "Said commissioners may, when in their judgment the interests of the public will permit, also narrow or reduce the width of public roads to not less than forty feet

270 — 10

when the same is petitioned for by a majority of land owners along the line of said road so far as the same shall extend within the township." (Laws of 1897, p. 288.)

It will be seen that the act contemplated a reduction of the width of the entire road so far as it extended within the township, but in 1907 sections 30 and 31 were amended. Section 30 provided that all roads established under the act should be of the width of not less than forty feet nor more than sixty feet, as the interests of the public permitted, and the proviso to section 31 read as follows: "Said commissioners may, when in their judgment the interests of the public will permit, also narrow or reduce the width of public roads to not less than forty feet when the same is petitioned for by a majority of land owners along the line of said road so far as the same shall extend within the township, or so far as said petition shall extend within the township." (Laws of 1907, p. 509.)

The amendment permitted a reduction in the width of a part of a road in a township by providing that it might be narrowed so far as the petition should call for a reduction in width. The acts of 1897 and 1907 each gave to the commissioners a discretion as to the width of roads, both in laying out new roads and narrowing existing roads, but in the present act the condition contained in both of the previous acts that the commissioners might narrow a road when in their judgment the interests of the public would permit was eliminated and no discretion was allowed to the commissioners as to the width of new roads, which must all be of the standard width of forty feet. The public policy of the State was thereby declared to be that roads should be of the fixed and specified width, and in connection with that declaration of policy it was provided that the commissioners might reduce the width of existing roads when petitioned by a majority of owners of adjoining lands. We must presume that the General Assembly omitted the provision authorizing the consideration

of the public interests by the commissioners for a purpose, and the only apparent purpose was to take away the discretion.

A case very much stronger than this in construing the word "may" to mean "must" or "shall" in the interpretation of a statute was *Young* v. *Carey,* 184 Ill. 613.    The General Assembly had provided that city or village authorities might, by ordinance, disconnect territory from the municipality upon a petition of land owners, by an ordinance to be passed by a majority of the members elected to the city council or board of village trustees.    It was held that "may" meant "must," and that the only function of the council or board of trustees was to see to it that the territory was located as the statute prescribed and the petition was signed as therein directed.    Two of the justices did not concur, but the dissent was based on the provision that the territory could only be disconnected if an ordinance was passed by a majority of all the members elected to the city council or board of village trustees.    It was considered by the dissenting justices that the declaration of the General Assembly that disconnection should only be effected provided a majority of all the members voted for the ordinance, showed that discretion was placed in the city or village authorities.    Any similar provision in the act under consideration is entirely lacking, and upon a consideration of the previous acts giving a discretion to commissioners and the withdrawal of such discretion in the present act, it must be held that the act was intended to be mandatory for the benefit of adjoining land owners, a majority of whom might determine that the width of the road should be reduced to the standard width of forty feet.

The second question is whether it was necessary that the petition should have been signed by a majority of the land owners along the entire six miles of road in the township.    The replication averred that the road was laid out thirty-five years ago and that no road extending west from

its western terminus had been laid out until more than twenty years afterward. Regardless, however, of the alleged fact that the road to be narrowed was laid out separately, it is a road and comes within the terms of the act. The act of 1897 only permitted a reduction in the width of a road throughout its entire length in the township, but there is no such limitation in the present act. It is true that the act does not contain the provision for narrowing so much of a road as the petition calls for, so that it was not contemplated some trifling portion of a road might be vacated, but no reason is apparent why the act does not include a road one mile in length. It is fair to presume that if the General Assembly intended otherwise the restriction of ·1897 would have been retained. A mile of road is a road just as much as six miles of road. It is a road for that mile, and whether it was wise in the legislature to enact such a law as this one is not for the courts. The argument that the General Assembly could not have contemplated different widths in a continuous highway is answered by the fact that provision was not only made for such differences, but any extension of an existing road or any new road was required to be only forty feet wide, which would necessarily produce the condition of varying widths.

The signers of the petition could not withdraw their names after the commissioners had acted upon the petition and the suit was begun in the circuit court. *Commissioners of Highways* v. *Bear*, 224 Ill. 259; *Irmegar* v. *County of Tazewell*, 264 id. 172.

The rulings of the court were not in harmony with what we have said, and the judgment is reversed and the cause is remanded, with directions to sustain the demurrers to paragraphs 1 and 5.

*Reversed and remanded, with directions.*