JOHN R. BLACKMORE *et al.* Appellants, *vs.* JAMES R. SUT-
TON *et al.* Appellees.

*Opinion filed February 16, 1916.*

1. HIGHWAYS—*section 74 of Roads and Bridges act, as to re-
ducing width of roads, construed.* The provision of section 74 of
the Roads and Bridges act that in case of natural obstructions on
one side of a highway, or where a highway extends along the
right of way of a railroad, river or canal, the commissioners are
authorized to reduce the width of the road on one side, only, has
application to obstructions, rights of way, rivers and canals which
are outside of and adjacent to the highway, and not to a drainage
district ditch which is within the highway and occupies part of it.

2. SAME—*when commissioners are not authorized to reduce
width of highway.* Where a petition to the highway commission-
ers prays that a road extending for a distance of six miles be re-
duced in width from 60 to 40 feet, but it appears from the answer
of the commissioners that the road is 66 feet wide but that for a
distance of two miles the road is occupied by a drainage ditch
26½ feet wide, the commissioners are not authorized to grant the
prayer of the petition and cannot be compelled to do so. (*People
v. Commissioners of Highways,* 270 Ill. 141, distinguished.)

APPEAL from the Circuit Court of Ford county; the
Hon. GEORGE W. PATTON, Judge, presiding.

CLOUD & THOMPSON, for appellants.

KERR & LINDLEY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellants presented their petition to the commission-
ers of highways of the town of Mona, in Ford county,
signed by a majority of the land owners along the line
of the road, praying that a road extending east and west
through that town for a distance of six miles be reduced
from the width of 60 to 40 feet. The commissioners of
highways met and denied the petition. Appellants there-
upon filed their petition for a writ of *mandamus* in the cir-
cuit court of Ford county to require the commissioners of

highways, who are appellees here, to grant the prayer of such petition and reduce the road to the width of 40 feet. Appellees filed an answer and the court overruled the demurrer of appellants to the same. Appellants having elected to stand by their demurrer, the petition was dismissed and this appeal followed.

A number of questions are raised, but it will be necessary to decide but one. By the answer appellees averred that the road was of the width of 66 feet, and that on the south side thereof, and for about two miles from the east end of the road, there is a drainage ditch located therein which is 26½ feet in width. This averment of the answer was admitted by the demurrer. It is insisted by appellants that the commissioners of highways had no discretion in the matter of the petition, but that it was mandatory upon them to reduce the width of the road upon the presentation of the petition, properly signed, under section 74 of the Road and Bridge act, and rely upon *People* v. *Commissioners of Highways,* 270 Ill. 141,.in support of this contention. Section 74 of the Road and Bridge act does not apply to the situation here presented, and consequently what was said in *People* v. *Commissioners of Highways, supra,* can have no bearing upon the questions involved. Said section 74 provides only for the reduction of the width of roads to 40 feet. The answer alleges, and the demurrer admits, that for one-third of the length of this road its width has already been reduced, so far as the use of the public for travel is concerned, to a width of 39½ feet. It needs no argument or illustration to demonstrate that the public cannot travel, as upon a highway, within the ditch of a drainage district. When the drainage district was permitted to place its ditch 26½ feet in width along the south side of this public highway the highway was necessarily reduced, so far as the use of the public is concerned, to a width of 39½ feet. The provisions of said section 74 that in case of natural obstructions on one side of the highway,

or where the highway extends along the right of way of a railroad, river or canal, the commissioners are authorized to reduce the width of the road on one side, only, has no application here, as the obstructions, rights of way, rivers and canals there referred to are· those outside of and adjacent to the highway. In this case the drainage district ditch is within the highway and occupies a part of it.

The commissioners of highways were, by the petition as presented to them, asked to reduce the width of this road throughout its whole length of six miles. They possessed no power to reduce the width of a considerable portion of the road, and therefore properly refused to grant the prayer of the petition.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*