(No. 11169.—Reversed and remanded.)

THE PEOPLE ex rel. Daniel B. Stewart et al.. Appellants, vs. THE HIGHWAY COMMISSIONERS OF THE TOWN OF ANCHOR, Appellees.

*Opinion filed June 21, 1917—Rehearing denied October 5, 1917.*

1. HIGHWAYS—*property along highway is not necessarily damaged by narrowing the road under sections 73 and 74 of the Road law.* By re-establishing and narrowing a road to forty feet under sections 73 and 74 of the present Road law the owners of land along the line of the old road will become the owners of the adjoining vacated strips, and such property is not necessarily damaged by the narrowing of the road.

2. SAME—*cost of doing work will not relieve commissioners of duty to reduce road when properly petitioned for.* Section 74 of the Road law, providing that the commissioners of highways "may" reduce a road when petitioned for by a majority of the land owners, is intended to be mandatory, and the mere fact that the road district may be put to additional outlays to make the reduction of the road prayed for will not relieve the commissioners from their duty of reducing the road. (*People v. Commissioners of Highways,* 270 Ill. 141, followed.)

3. SAME—*commissioners may use all constructions in old roadway if serviceable in building a reduced highway.* In reducing the width of a highway under sections 73 and 74 of the Road law the commissioners of highways may remove all tile and other constructions in the old roadway, if any, and use them in the construction of the reduced highway wherever they may be serviceable.

4. SAME—*fact that land owner has received compensation for dedicating land will not estop him from petitioning for reduction of road.* The fact that some one or more of the petitioners seeking the reduction of the width of a road under sections 73 and 74 of the Road law may have dedicated the original right of way, or part thereof, for the purposes of a public highway and received pay for such right of way so dedicated, granted or condemned, will not estop them, or others petitioning with them, to claim the benefit of such law.

5. STATUTES—*courts cannot modify a statute except to carry out the legislative intent.* A statute may be modified or altered by construction only when it is necessary to carry out the legislative intent.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

BARRY & MORRISSEY, and CHARLES L. CAPEN, for appellants.

LIVINGSTON & BACH, and STERLING & WHITMORE, (SIGMUND LIVINGSTON, and W. W. WHITMORE, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants, Daniel B. Stewart, Mary Stewart, Arthur D. Stewart and Clinton B. Stewart, filed their petition in the circuit court of McLean county to compel the commissioners of highways of the town of Anchor, appellees, to reduce the width of the public highway from sixty feet to forty feet between sections 4 and 5 in the town of Anchor, in the said county, as prayed for by them in their petition to appellees, which petition had been rejected. Appellants averred in their petition for *mandamus* that their petition to appellees was in due form of law and was signed by appellants, who were then, and still are, a majority of the land and lot owners along the line of said road, and that the village of Anchor, through which said road passes, is not incorporated. Appellees filed an answer to the petition for *mandamus* containing eight paragraphs, every one of which was relied on by appellees as setting up a defense in bar of appellants' petition. Appellants demurred to appellees' answer and set up special causes of demurrer to every one of the eight paragraphs in the answer. The court sustained the demurrer as to paragraphs 1, 2 and 8 and overruled it as to the other five paragraphs. Appellees then amended their answer by adding another paragraph, to which the court also sustained a demurrer. Appellees again amended their answer by adding another paragraph numbered 9, to which the court overruled a demurrer. Appellants elected to stand by their demurrer as to paragraphs 3,

4, 5, 6, 7 and 9, and the court dismissed the petition and rendered judgment against appellants for costs. The only errors assigned on this record are assigned by appellants.

In paragraph 3 of appellees' answer it is averred that one-quarter of a mile of said road is within the limits of the village of Anchor and is the principal thoroughfare leading to and from the village, that the principal grain elevator of the township is located adjacent to the highway, and that it has a capacity of eighty thousand bushels of grain. The matters stated in that paragraph constitute no defense whatever to appellants' petition. The only argument offered by appellees in support of that answer or plea is that the narrowing of the road to forty feet may cause special damage to the elevator property. It is inconceivable how that property may be damaged by simply narrowing the road to forty feet if a good, serviceable road of the width of forty feet is made as contemplated by the legislature in the enactment of sections 73 and 74 of our present Road law. By re-establishing and narrowing the road to forty feet under said sections the newly established road will occupy the central portion of the old roadway, and the owners of the elevator property, and all other owners of property along the line of the old road, will become the owners of the vacated strips of the old roadway in front of their property. (*Thomsen* v. *McCormick*, 136 Ill. 135; *LaSalle Varnish Co.* v. *Glos*, 254 id. 326.) The owners will be free to continue the use of the vacated portions of the highway as ways of ingress and egress to and from their property or to use it in any other manner they may see fit. The mere fact, however, that the road district might be put to additional outlays to make the reduction of the road prayed for would not relieve the commissioners of highways from their duty of reducing the road when petitioned according to the statute.

It is suggested by appellees that when the facts in a case show that to reduce the width of a highway to forty feet

would render the highway useless and impracticable the adjoining property owners along such highway would be entitled to recover for their damages occasioned by the destruction of their road. It is a sufficient answer to that contention to say that there are no facts set forth in appellees' answer that show that the reduction of the road in question to the width of forty feet will destroy the road or render useless for a road the remaining forty feet of roadway.

Paragraph 4 of the answer sets forth that from Second street, in the village of Anchor, for three miles or more south, the traveled way of said road is a hard road constructed of rock and gravel by the commissioners, and that for more than a mile south of said street the hard road is just wide enough for one vehicle to travel; that the north travel for that mile is on the hard road elevated about four feet above the soft road on its side used for travel to the south; that the character of the road and the nature of its surface are such as to render it impracticable to utilize the road for public travel in any other manner, and that to narrow it to forty feet would destroy and render useless all improvements heretofore made on the road at a cost of about $15,000; that said road has been tiled on the west side with ten-inch tile, which drain the village of Anchor; that at the south end of the road is Mackinaw creek, which runs through the township of Anchor, having many tributaries and a large volume of water and frequently overflows its banks; that there is a large steel bridge fifty feet long over the creek at the south end of the road, and south of that bridge is another bridge thirty feet long over an overflow ditch made necessary by the overflowing of said creek; that south of the village to said creek both sides of the road for ten years have been utilized by ditches for the drainage of the road, and that to narrow said road would ruin the established drainage and make it impracticable to drain the highway properly and render the road impassable during

279 — 35

a large part of the year for lack of proper and efficient drainage. Paragraph 9 sets forth that within the village of Anchor said road is eighty feet wide and that outside of the village it is sixty feet wide; that the traveled way is twenty-five feet wide and occupies the central portion of the sixty and eighty-foot road, which is now fenced; that the remainder of the sixty and eighty-foot roadway has been used for grading up the traveled way and to construct and maintain the drainage ditches, and that it will be necessary in the future to use the untraveled portion of the road for the same purposes; that the proposed reduction of the road will require encroachments upon the traveled way to obtain materials for repairs and drains and render traveling dangerous when vehicles pass each other, and put appellees to great expense to cut down the traveled way, transport material and re-grade and re-surface the whole traveled way to make it conform to the highway when so reduced.

As has already been suggested, there are no issuable facts stated in either of said paragraphs that show that the reduction of the highway to forty feet in width would destroy the highway or render it impossible or impracticable to make of the remaining forty feet a good and serviceable road by reasonable effort and at reasonable cost to the road district. Bare statements that it would be impracticable to drain properly such narrowed highway or that it would become impassable during a large part of the year from lack of proper and efficient drainage are mere conclusions of the pleader, which are not supported by the facts set forth by the appellees or by common knowledge or experience. It is a common and well known fact that a good and well-constructed traveled way eighteen or twenty feet in width and properly cared for is much more serviceable and safer for travel than a highway sixty or eighty feet wide of the character that has been usually heretofore constructed and maintained in this State. It is certainly safe to say that

ordinarily a road forty feet wide can be constructed and maintained as a first-class roadway, and at as little or less expense, in the long run, than can a roadway sixty feet wide, and that such a roadway is wide enough for all uses and purposes for which highways are constructed in this State. Such was the evident conclusion of our legislature in 1913, when it enacted section 73 of the Road law, providing that all public roads thereafter established should be of the width of forty feet, and by section 74 of the same act, providing that the commissioners of highways may reduce the width of any existing public road within any town or road district to forty feet when the same is petitioned for by a majority of the land owners along the line of such road. Appellees by their answer have not shown that the proposed forty feet of the roadway in question cannot be made into a good, serviceable and safe road for all the purposes for which it may be used as a public highway. This court decided in the case of *People* v. *Commissioners of Highways,* 270 Ill. 141, that the word "may" in said section 74, as therein used, means "must," and that the act was intended to be mandatory and for the benefit of the adjoining land owners, a majority of whom may determine that their road shall be reduced to the standard width of forty feet. We see no reason to change that ruling, and if the enforcement of that statute shall demonstrate that the declared policy of the State that our public roads should be of the standard width of forty feet is unsound or for any reason impracticable, it is for the legislature, and not for this court, to so declare by other enactments. The words employed in said section 74 render the meaning of that section plain and unambiguous, and we are not authorized to modify or alter that section by the interpolation of other words, as suggested by appellees. A statute can only be so modified or altered when it is necessary to carry out the legislative intent.

Appellees by their answer show that it may be a considerable cost to their road district to make the preliminary changes necessary to reduce the road in question to the specified width. Such a result must necessarily happen to any road district that shall be required to make such a change where any considerable improvement has been made on a road of more than forty feet in width. The legislature must necessarily have had that fact in contemplation when said sections of the Road law were enacted. The fact that such a change in a public road must be made at great cost is no sufficient reason for denying appellants' petition. There are no facts pleaded by appellees that show that the expense of reducing the road in question will be beyond the ability of the road district to pay, or that the expense of making the same and keeping up the proposed road would very greatly, if at all, exceed the expense of continuing and keeping up the present road at its present width in a good and serviceable condition for highway purposes. Appellees will be entitled to remove all tile and other constructions in the old roadway, if any, and use them in the construction of the reduced highway wherever they may be serviceable, in case the roadway is reduced. The bridges and all other structures south of the road between said sections 4 and 5 will be in no way affected by the proposed reduction of the road, and so far as the answer shows they have no important bearing upon any question herein involved.

Paragraphs 5, 6 and 7 of the answer are similar in character, and set up, in substance, (5) that a quarter of a mile of said road in the village of Anchor was dedicated by appellant Daniel B. Stewart and others in 1905 by a proper written instrument duly signed by him and them and accepted by said commissioners, which provided that the width of the road inside the village should be eighty feet and that twenty feet on each side thereof should be used for sidewalks; (6) that in 1879 appellant Daniel B. Stew-

art was the owner of all the land over which said road runs and that he then petitioned the commissioners of highways to open up the highway to the width of sixty feet, and that at that time the land in the right of way of said highway was purchased from him for the sum of $220.50 by the highway commissioners, and which sum was duly paid him by them; (7) that five years ago appellant Daniel B. Stewart petitioned said highway commissioners for permission to construct a concrete sidewalk four feet wide and eighty feet long along said highway and in front of his residence, and that such permission was granted and the sidewalk constructed, one-half the expense of which was paid by the highway commissioners, and that the commissioners also constructed sidewalks of crushed rock along the west side of said highway in said village, and that said walks are now there and used by the public. As has already been stated, the statute in question was intended to be beneficial to the land owners along the line of public highways. The natural consequence is, that in every case where a public highway is narrowed in accordance with the provisions of said act, the petitioners, and all other land owners along such narrowed highway, will be benefited. The fact that some one or more of the petitioners so benefited may have dedicated the original right of way, or a part thereof, for the purposes of a public highway and actually received pay for such right of way so dedicated or granted or condemned under the statute, will not estop them, or others petitioning with them, to claim the benefit of the statute. The statute makes no exception and this court is authorized to make none.

None of the paragraphs in appellees' answer stated a defense to appellants' petition for the reasons aforesaid. The judgment of the circuit court is therefore reversed and the cause is remanded, with directions to sustain the demurrers to all the paragraphs in appellees' answer.

*Reversed and remanded, with directions.*