(No. 11170.—Reversed and remanded.)

THE PEOPLE *ex rel.* Daniel B. Stewart, Appellant, *vs.* THE HIGHWAY COMMISSIONERS OF THE TOWN OF ANCHOR, Appellees.

*Opinion filed June 21, 1917—Rehearing denied October 5, 1917.*

This case is controlled by the decision in *People* v. *Highway Comrs.* 279 Ill. 542.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

CHARLES L. CAPEN, and BARRY & MORRISSEY, for appellant.

LIVINGSTON & BACH, and STERLING & WHITMORE, (SIGMUND LIVINGSTON, and W. W. WHITMORE, of counsel,) for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellant, Daniel B. Stewart, filed his petition for a writ of *mandamus* in the circuit court of McLean county against appellees, the highway commissioners of the town of Anchor, to compel them, as such highway commissioners, to enter an order reducing the width of the highway from 60 feet to 40 feet where it passes across his land immediately adjoining the village of Anchor. Appellant's land immediately adjoins the platted portions of the village of Anchor, an unincorporated village. The highway in question is a width of 80 feet where it passes through the platted portion of the village and 60 feet in width

where it passes across the portion of the land owned by appellant on which he seeks to have the width of the road reduced. The total length of the strip of highway in controversy is approximately one-half mile. The petition alleges that on May 1, 1916, appellant presented his petition in due form of law to the highway commissioners of such township praying for a reduction in the width of the highway from 60 feet to 40 feet across that portion of his land which immediately adjoins the village of Anchor and that on the same day the highway commissioners entered an order denying the prayer of the petition. The petition for *mandamus* prays that the writ issue directing appellees to set aside and revoke their former order denying the prayer of his petition for the narrowing of the road and that they be required to enter an order reducing the width of the highway to 40 feet, as prayed in said petition. Appellees answered the petition for *mandamus,* setting up certain matters in confession and avoidance of the allegations of the petition, to which a general demurrer was interposed and overruled. Appellant elected to abide by his demurrer, and the court entered judgment on the demurrer and dismissed the petition. This appeal followed.

The only question presented for our consideration is the sufficiency of the matters alleged in the answer to bar appellant of the relief asked. The first defense interposed is that the highway is only a portion of a highway which enters the village of Anchor; that it is the only thoroughfare running through the village, in which the streets are 80 feet in width, and that to narrow the road as asked would make a jog in the same and congest the traffic, so that it is wholly impracticable to reduce the width thereof. The second defense is, that the highway commissioners have made valuable and permanent improvements along the highway, which has been graded and fixed so as to be adaptable only for a road of the width of 60 feet, and along which ditches have been constructed and in use since Feb-

ruary 23, 1901. The third and fourth grounds urged are, that on May 9, 1901, pursuant to a proper petition to the highway commissioners, the highway in question was laid out and the commissioners entered into a contract with appellant, who was the then owner of the lands now used for said highway, by which they purchased the lands so used for $625, appellant reserving the privilege of mining coal beneath the surface of the land, and that by reason of such fact appellant is estopped from asking to have the road narrowed to 40 feet. The fifth defense interposed is, that the highway within the village is 80 feet in width, the rest of the highway being 60 feet in width; that the roadway occupies a width of 25 feet of such highway, and that the unoccupied portion is and has been used for the purpose of grading up the traveled portion, to construct ditches and drains, and to get materials to fill up and keep the roadway free from hollows and depressions caused by the constant wear of vehicles, the washing away of the surface, etc., and that to reduce the same in width to 40 feet would leave practically nothing for this purpose and put the highway commissioners to a great and constant expense in transporting the necessary filling from time to time required to re-build, re-grade and re-surface the traveled roadway.

Substantially the same matters of defense were interposed in *People* v. *Highway Comrs.* 279 Ill. 542, and we there held the same not sufficient to bar appellant of the relief asked. The reasons which sustain the conclusions there reached are fully stated in the opinion in that case and it would serve no good purpose to re-state them here. For the reasons there given the demurrer to the answer should have been sustained.

The judgment of the circuit court must be reversed and the cause remanded to that court, with directions to sustain a demurrer to appellees' answer.

*Reversed and remanded.*