576    APPELLATE COURTS OF ILLINOIS.

Sayers v. Drainage Comm'rs of D. D. No. 5, 214 Ill. App. 576.

# Henry Sayers et al., Appellants, v. Drainage Commissioners of Drainage District No. 5, in Manlius Township, Bureau County, Illinois, et al., Appellees.

## Gen. No. 6,610.

1. DRAINAGE, § 83*—*when delay after filing of petition for dissolution of district is not unreasonable.* A delay of 4 months after the filing of a petition of owners under section 47½ of the act to provide drainage for agricultural and sanitary purposes, in force July 1, 1885 (J. & A. ¶ 4525), for the dissolution of the drainage district in question, was not an unreasonable time in which to allow the commissioners to examine the petition to ascertain whether it was in due form and signed by the requisite number of owners, whether all indebtedness of the district had been paid or funds provided therefor, and whether there was any litigation pending against the district.

2. DRAINAGE, § 83*—*when signers of petition for dissolution of district may withdraw names.* Signers to a petition filed under section 47½ of the act to provide drainage for agricultural and sanitary purposes, in force July 1, 1885 (J. & A. ¶ 4525), for the dissolution of the district in question, had the right to withdraw their names from such petition at any time before the commissioners finally acted upon such petition, and even after filing of a petition for mandamus to compel the entry of an order to compel dissolution and before the service of the summons.

3. PLEADING, § 129*—*when replication in mandamus to compel dissolution of drainage district departs from petition.* Where, in mandamus to compel drainage commissioners to dissolve the district, relator alleged that certain village lot owners were landowners within the district and that such lots constituted a part of the territory of said district, and the commissioners filed pleas stating that they had refused to enter an order of dissolution because after certain withdrawals a sufficient number of signers did not remain, the relator could not in his replication make a different case and take the position that the organization of the village in question took out of said district all of the lots within said village, and that the owners of said lands and lots in the village had no right to sign the petition for dissolution and that therefore their withdrawal did not defeat it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. PLEADING, § 129*—*when replication in mandamus to compel dissolution of drainage district departs from petition.* In mandamus to compel drainage commissioners to enter an order dissolving the district, where the petition alleged that certain signers of the petition for dissolution were village lot owners and landowners in the district, and the commissioners answered that such village lot owners had withdrawn their names, a replication stating that after the forming of the district said village was formed and took within its boundaries a part of the land in the district and that therefore such owners had no right to sign the petition, made a new case; and the replication was further defective because it failed to aver that such village ever took upon itself the drainage of said lots within said village.

5. DRAINAGE, § 20*—*district partly within and partly without municipality.* A drainage district can be partly within and partly without a municipal corporation.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 18, 1919.

CAIRO A. TRIMBLE and WATTS A. & CAREY R. JOHNSON, for appellants.

JOSEF T. SKINNER and J. L. SPAULDING, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Henry Sayers, as relator, filed a petition against the Drainage Commissioners of Drainage District No. 5, in Manlius Township, Bureau county, and against the town clerk of that township, for a mandamus to compel them to make an order to dissolve said drainage district. A demurrer by respondents to said petition was sustained, and the petition was amended. A demurrer by respondents to the amended petition was overruled. Respondents filed four pleas to the amended petition. Relator filed separate general demurrers to each of said pleas. The demurrer was overruled to the first plea and sustained to the others. Relator filed three replications to said first plea, and

afterwards a fourth replication thereto. A demurrer to said replications was sustained. On motion of relator he was given leave to file amended replications to said first plea and filed three such replications. Demurrers to said replications were filed and sustained. Relator elected to abide by said amended replications and there was a judgment in bar against him, from which he prosecutes this appeal.

It would unduly extend this opinion to state the substance of all these pleadings. We think it sufficient to state the questions they present. Drainage District No. 5 in Manlius Township was organized under the act to provide drainage for agricultural and sanitary purposes, in force July 1, 1885. Section $47\frac{1}{2}$ (J. & A. ¶ 4525) thereof provided that when a certain proportion of the owners of lands within any drainage district organized under that act and lying wholly within the limits of a single township present a petition in writing to the commissioners for the dissolution of the district, the commissioners, after satisfying themselves that such petition is in due form and is signed by the requisite number of landowners and that all indebtedness of said district is paid, or funds provided for its payment, and that there is no litigation pending against such district, shall indorse upon the petition an order dissolving the district and file the same with the town clerk. In April, 1913, such a petition for the dissolution of said district, signed by the requisite number of landowners, was presented to said commissioners. On August 28, 1913, the commissioners had not acted on said petition, and Sayers, one of said landowners and petitioners, began this suit in mandamus to compel the commissioners to enter an order dissolving the district. After the summons had been served upon the commissioners, but before its return day, many signers of said petition for the dissolution of the district presented to said commissioners a written statement and request, withdrawing

their names from said petition. The next day and before the return day of the summons in the mandamus writ, the commissioners made an order, denying said petition for dissolution, because, with said names withdrawn, there did not remain a sufficient number of signers to comply with the statute above referred to.

Relator contends that the filing of the petition for mandamus and the service of the writ thereunder fixed the rights of the parties as of the date of the service of such writ, which was September 2, 1913, and that no names could afterwards be withdrawn from the petition to dissolve. Relator relies for that contention upon *Highway Com'rs of Town of Tolono v. Bear,* 224 Ill. 259; *Irmegar v. Tazewell County,* 264 Ill. 172, and *People v. Highway Com'rs of Sullivant Tp.,* 270 Ill. 141. Respondents insist that the signers of the petition for dissolution had the right to withdraw their names therefrom at any time before the commissioners finally acted upon the petition for dissolution, and they rely upon *Littell v. Board of Sup'rs of Vermilion County,* 198 Ill. 205; *Theurer v. People,* 211 Ill. 296; *Kinsloe v. Pogue,* 213 Ill. 302; *Mack v. Polecat Drain. Dist.,* 216 Ill. 56; *Boston v. Kickapoo Drain. Dist.,* 244 Ill. 577, and *Malcomson v. Strong,* 245 Ill. 166.

The latter cases fully sustain the position of the commissioners unless the cases relied on by relator constitute an exception to that rule, and terminate the right to withdraw by the filing of the petition for mandamus. In *Highway Com'rs of Town of Tolono v. Bear, supra,* the application to withdraw from the petition was made after the commissioners had passed upon the petition, and therefore came too late. In *Irmegar v. Tazewell County, supra,* the matter was one of public and not of private right, and those who sought to withdraw did so after the time for filing a petition to contest the election there involved had passed, so that no names could be added in place of

580        Appellate Courts of Illinois.

Sayers v. Drainage Comm'rs of D. D. No. 5, 214 Ill. App. 576.

theirs. This distinguishes this case from the one now before the court. In *People v. Highway Com'rs of Sullivant Tp., supra,* the signers undertook to withdraw their names, not only after the suit in mandamus had begun, but after the commissioners had acted upon the petition. The question here is no doubt a close one. We think it clear that the commissioners had a right to have a reasonable time in which to examine the petition and ascertain whether it was in due form and subscribed by the requisite number of landowners, and whether all indebtedness of the district had been paid or funds provided for its payment, and whether there was any litigation pending against the district. If the day after said petition to dissolve had been presented to the commissioners relator had brought this suit in mandamus to compel them to grant it, we think it obvious mandamus could not have been sustained at that time. We do not think it should be held that 4 months was an unreasonable time in which to allow said commissioners to make said investigations, and we also conclude that under the authorities above cited the right to withdraw under said petition existed until the commissioners acted. The withdrawal left the petition signed by an insufficient number of landowners.

After this drainage district was formed, the village of Manlius was incorporated and took within its boundaries a part of the land in said drainage district, and the signers of said petition to dissolve who afterwards got leave to withdraw from said petition were largely owners of lots within said village. By amended replications, relator took the position that the organization of said village took out of said district all lands and lots within said village, and that the owners of said lands and lots in the village had no right to sign the petition for the dissolution, and therefore their withdrawal did not defeat it. One of the grounds of demurrer thereto was that such replications were re-

pugnant to the allegations of the petition of relator for mandamus and a departure therefrom. The petition for mandamus clearly alleged that these lot owners were landowners within the district, and that such village lots constituted a part of the territory of said district. We are of opinion that relator cannot be permitted to state in his replication a case entirely different from that set up in the petition for mandamus and contradictory thereof. *McConnel v. Kibbe,* 29 Ill. 483; *Pressley v. Bloomington & N. Railway & Light Co.,* 271 Ill. 622 [12 N. C. C. A. 1038]. Moreover, the position taken by relator in said replications is not sound. It is not averred that the village of Manlius ever took upon itself the drainage of said lots within the village. A drainage district can be partly within and partly without a municipal corporation. *People v. Nibbe,* 150 Ill. 269; *City of Joliet v. Spring Creek Drain. Dist.,* 222 Ill. 441; *Perkins v. Board of Com'rs of Cook County,* 271 Ill. 449.

There was also pleading by respondents in which they claimed that this drainage district, though originally organized in one township only, had by additions become a drainage district located in two townships, and that therefore the petition for its dissolution was insufficient, but we find it unnecessary to consider that contention. For the reason stated, the judgment is affirmed.

*Affirmed.*