THE SPRINGFIELD AND ILLINOIS SOUTHEASTERN RAILWAY COMPANY

*v.*

ROBERT HALL.

1. RIGHT OF WAY—*effect of change in law after proceedings are commenced.* The State has the right to say on what terms it will allow its right of eminent domain to be exercised, so long as any thing remains to be done by the corporation in order to complete the condemnation of the land.

2. A proceeding to condemn land for a right of way was commenced under the act of 1852, relating to that subject, but, before a trial was had, the act of 1872 had taken effect, and the damages were assessed according to the provisions of the latter act, which expressly repealed all conflicting laws: *Held,* that the assessment was properly made under the latter act, as the proceedings were *in fieri* when it took effect.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

This was a proceeding commenced by the appellant against appellee, to condemn land for right of way. After the institution of the proceeding, and before the assessment of damages, the act of 1872, relating to right of way, took effect. By the act of 1852, under which the proceeding was commenced, the jury were required to find the amount of the compensation for the land actually taken, and the amount of damage,

if any, to land not taken, separately, and the jury were authorized to set off benefits against damages. Under the latter act benefits were not allowed to be set off.

The jury awarded the defendant $275 damages. The court .refused to set aside the verdict and grant a new trial, and the petitioner appealed.

Mr. G. POLLARD, for the appellant.

Mr. CYRUS EPLER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was a proceeding to condemn a right of way, commenced under the act of 1852. Before the trial in the circuit court the act of 1872 had taken effect, and the damages were assessed under the rule prescribed in that act. This was un-.questionably right. The later act expressly repealed all conflicting provisions in the former, and where proceedings of this character were *in fieri*, it would necessarily follow that they must be completed under the new law. The State has the right to say on what terms it will allow its right of eminent domain to be exercised, so long as anything remains to be done by the corporation in order to complete the condemnation of the land.

*Judgment affirmed.*