## The Illinois Central Railroad Company

### *v.*

## The City of Wenona.

*Filed at Ottawa November 9, 1896.*

PUBLIC IMPROVEMENTS—*act of 1895 construed as to right of trial by jury in special taxation.* The right to a jury trial given by the amendment of June 21, 1895, (Laws of 1895, p. 100,) to the City and Village act, upon the question whether the property specially taxed was benefited to the amount of the tax, may be exercised by one taxed in proceedings instituted before the passage of such act, where the assessment rolls were not presented for confirmation until after such amendment took effect.

APPEAL from the County Court of Marshall county; the Hon. E. D. RICHMOND, Judge, presiding.

V. WARNER, (JAMES FENTRESS, and BARNES & BARNES, of counsel,) for appellant:

The pretended ordinance under which this proceeding is being prosecuted is void, because it attempts to levy a special tax for a "connected system of water-main pipes and hydrants," when the cost of such an improvement

could at the time of the pretended passage of said ordinance, and can now, only be provided for either by general taxation or special assessment. Act of April 15, 1873, secs. 1, 5; Starr & Curtis' Stat. chap. 24, pars. 311, 315; *Morgan Park* v. *Wiswall*, 155 Ill. 262.

The act of June 21, 1895, in force July 1, 1895, amending said section 17, changing the rights of the parties and the mode of procedure, without any saving clause, repealed said section 17 and repealed or invalidated all ordinances passed under it, and this proceeding not having reached a final judgment before the repeal, must be dismissed. *County of Menard* v. *Kincaid*, 71 Ill. 587; *Wilson* v. *Railroad Co.* 64 id. 542; *VanInwagen* v. *Chicago*, 61 id. 31; *Holcomb* v. *Boynton*, 151 id. 294; *Railroad Co.* v. *East St. Louis*, 134 id. 660; *Illinois and Michigan Canal* v. *Chicago*, 14 id. 334; *Holbrook* v. *Nichol*, 36 id. 161; *People* v. *Young*, 38 id. 490; *Lake View* v. *Letz*, 44 id. 81; *Naylor* v. *Galesburg*, 56 id. 286; *Town of Jefferson* v. *People*, 87 id. 503; *Kepley* v. *People*, 123 id. 367; *Washington Hights* v. *Moffatt*, 57 Ill. App. 169; *Assessors* v. *Osbornes*, 9 Wall. 567.

George M. Baine, and I. C. Pinkney, for appellee:

The rule is inflexible that no statute will be so construed as to give it a retrospective operation, unless such an intention is manifested by clear and unequivocal expressions. *Thompson* v. *Alexander*, 11 Ill. 54; *Marsh* v. *Chestnut*, 14 id. 226; *Knight* v. *Begole*, 56 id. 122; *McHaney* v. *School Trustees*, 68 id. 140; *Hatcher* v. *Railway Co.* 62 id. 477; *In re Tuller*, 79 id. 100; *Mortgage Co.* v. *Gross*, 93 id. 434; *People* v. *Thatcher*, 95 id. 109; *Drainage District* v. *Benson*, 125 id. 490; *Jimison* v. *Adams County*, 130 id. 558.

An amendatory act takes effect from the time of its passage, and has no retroactive effect in the absence of an express intent to the contrary. *In re Miller*, 110 N. Y. 216; *Reid* v. *Albany County*, 128 id. 364; *Ely* v. *Holton*, 15 id. 595; *Moore* v. *Mausert*, 49 id. 332; *Gibbs* v. *Insurance Co.* 63 id. 114; *People* v. *Montgomery County*, 67 id. 110; *Goillotel* v.

163—19

*Holton*, 87 id. 445; *Railroad Co.* v. *Shackelford*, 63 Cal. 261; *McGeehan* v. *Burke*, 37 La. Ann. 156; *State* v. *Hill*, 32 Minn. 275; *Burrell* v. *Tullis*, 12 id. 572.

All rights which accrued under the original statute remain unaffected. *Junction City* v. *Webb*, 44 Kan. 71; *Kelsey* v. *Kendall*, 48 Vt. 24; *Haritiven* v. *Olsen*, 52 Fed. Rep. 652.

Mr. Justice Phillips delivered the opinion of the court:

On June 10, 1895, the appellee, the city of Wenona, filed in the county court of Marshall county, Illinois, a petition averring that on June 3, 1895, its city council passed and its mayor approved an ordinance providing that there be constructed in said city "a connected system of water-main pipes and hydrants" as therein located and described, claiming to file with and as a part of said petition a copy of such ordinance; that the whole cost of the construction of said improvement should be paid for out of a fund to be raised by special taxation upon the real estate contiguous to said improvement, according to its superficial area, which was by said ordinance so assessed upon said real estate; that on June 3, 1895, the commissioners appointed by said city council to make an estimate of the cost of the improvement provided for by such ordinance made a report to said council, which was afterwards approved by said council, estimating said cost at $15,084.48, a copy of which report said petition avers is thereto attached and made a part thereof, and praying that the cost of said improvement be assessed in the manner prescribed by law. The ordinance provides, as shown by the copy attached to and made part of appellee's petition, that the pipes, hydrants, valves, boxes and connections of the proposed "connected system of water-main pipes and hydrants" shall be constructed in accordance with several specifications mentioned and the map of the line of pipe prepared by the engineer and made a part of the ordinance.

Appellant appeared and filed numerous objections, which were all overruled by the court. Without entering into a discussion of the various objections, some thirty in number, it is sufficient to say we are of opinion no error was committed by the court except in overruling the twelfth objection, which was, that "under the constitution and laws of this State appellant was entitled to have the question of benefits to the property taxed passed upon by a jury, and demands a jury to pass on the question of special benefits, if any, to its property sought to be taxed by said assessment."

This proceeding was commenced when section 17 of article 9 of "An act to provide for the incorporation of cities and villages," approved April 10, 1872, (Starr & Curtis' Stat. chap. 24, p. 491,) was in force, and under which the assessment of the commissioners was conclusive on the question of benefits to the property assessed, but the appellant was not required to answer the petition herein, and neither of said assessment rolls was presented to the county court for confirmation and judgment thereon until July 1, 1895, and after said original section 17 had been modified by the amendment thereto of June 21, 1895, in force July 1, 1895. (Laws of 1895, p. 100.) By the amendment by the last mentioned act it was provided no special tax should be levied or assessed upon any property to pay for any local improvement in an amount in excess of the special benefit which such property shall receive, and the question of benefit and the amount of such special tax shall be subject to the review and determination of the county court, and tried in the same manner as a proceeding by special assessment. Before the passage of this act a valid ordinance was conclusive of the benefits as cast in the assessment roll under special taxation. By the amendment the question whether the assessment as cast in the roll was greater or less than the benefits received by the property by reason of the

improvement may be determined as a question of fact by a jury.

On June 3, 1895, the ordinance was adopted. On June 10, 1895, the petition was filed. On July 1, 1895, the county court entered a rule requiring objections to be filed by July 5, on which day certain objections were filed and certain other additional objections were, by leave of court, filed on July 17, 1895. On August 19, 1895, the county court overruled appellant's objections, and appellant demanded, in writing, a jury to pass upon the question whether the taxes assessed against its property exceeded the special benefits thereto. This was also denied, to which exception was taken.

The filing of the petition in the county court, the giving notice in pursuance of the statute and the confirmation of the assessment roll were all necessary acts to constitute a valid judgment of assessment. When the court acted on this question the act of 1895 was in force. There was in the provisions of the act of 1872 with reference to special taxation nothing in the nature of a contract or grant. A power was conferred as to a method of special taxation. There was in a city or village no vested right as to such method. It was by the act of 1872 a mere procedure to accomplish a certain result. There being no vested right in the city or village, the legislature had the right to change the procedure. Where there is no saving clause as to existing litigation in a repealing act which provides a new procedure, all rights of action will be enforced under the new procedure, without regard to whether they accrued before or after such change in the law, and without regard to whether suit had been instituted or not. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553; *Winslow* v. *People,* 117 id. 152; *Holcomb* v. *People ex rel.* 79 id. 409.) There being no saving clause in the amendatory act of 1895, all proceedings for confirmation after July 1, 1895, when that act went into effect, must be in accordance with its provisions. Under it ap-

pellant had a right to have determined by a jury whether the assessment made on its property as a special tax exceeded the special benefits that property derived from the proposed improvement. The denial of that right was error.

The judgment of the county court of Marshall county is reversed and the cause is remanded.

*Reversed and remanded.*