The Chicago and Western Indiana Railroad Co.

*v.*

Ossian Guthrie *et al.*

*Opinion filed October 24, 1901.*

1. Statutes—*statutes changing procedure govern previously instituted suits.* If a change in a law affects only the remedy or procedure all rights of action are governed thereby, without regard to whether they accrued before or after such change and without regard to whether suit had been previously instituted or not, unless there is a saving clause as to existing litigation.

2. Eminent domain—*the amendment of 1897, concerning petitioner's payment of defendant's costs, is retroactive.* The amendment of 1897 to section 10 of the Eminent Domain act, (Laws of 1897, p. 218,) providing that the petitioner shall pay the defendant's costs, expenses and reasonable attorney's fees upon failing to pay full compensation within the time fixed by the order of court, applies to condemnation proceedings begun before the amendment was passed.

3. Same—*court may, after term at which judgment was rendered, fix time for taking property.* If a condemnation judgment fails to fix a time when petitioner shall take the property and pay the compensation awarded, the court has jurisdiction at a subsequent term, upon notice to petitioner, to make an order fixing such time.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

Edgar A. Bancroft, for appellant.

Matz, Fisher & Boyden, for appellees.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal by the petitioner in a condemnation proceeding from an order of the county court of Cook county requiring it to pay to the defendants three-fourths of their attorneys' and stenographers' fees incurred in the defense of said proceeding, petitioner having failed to make payment of full compensation for the property condemned within the time fixed by the court.

The appellant filed its petition on June 9, 1897, to condemn eight lots owned by certain of the appellees as tenants in common. Summons was issued, returnable to the

following August term. The case was tried at the March term, 1899, and resulted in a verdict for $26,500, upon which, on August 24 of the same year, judgment was rendered, from which judgment an appeal was prayed by the petitioner but not perfected. Said judgment did not fix a definite time within which the petitioner should take the property and make payment of full compensation therefor. On June 29, 1900, the appellees applied to the court to fix such time, and the petitioner having been notified of such application, on July 6, following, the court entered an order fixing twenty days from that date as the time within which the petitioner must take and pay for the property. Within the twenty days the petitioner took two of said lots and paid therefor $6500. On December 7, 1900, appellees applied to the court for an order for the payment to them by the petitioner of all costs, expenses and reasonable attorneys' fees paid or incurred by them in defense of said petition upon the property not taken and paid for, and upon a hearing the court found that the petitioner had failed to make payment of full compensation for six of the lots condemned within the time fixed by the order of the court entered on July 6, 1900, and ordered the petitioner to pay to the appellees sums aggregating $2293.63, as their expenses and reasonable attorneys' fees.

It is first contended by the appellant that the amendment of May 14, 1897, in force July 1, 1897, to section 10 of the Eminent Domain law, (Hurd's Stat. 1899, chap. 47, sec. 10, p. 839,) which section is as follows, the amendment being in italics: "The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same upon payment of full compensation as ascertained as aforesaid, *within a reasonable time to be fixed by the court,* and such order, with evidence of such payment, shall constitute complete justification of the taking of such property:

*Provided, that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs,"*—should not be given a retroactive effect so as to apply to this proceeding, which was commenced prior to the time when said amendment went into effect. We do not agree with such contention. Such amendment merely affects the method of procedure,—the remedy,—and the law is well settled that there can be no vested right in any particular remedy or method of procedure, and that while the general rule is that statutes will not be so construed as to give them a retrospective operation unless it clearly appears that such was the legislative intention, still, when the change merely affects the remedy or the law of procedure, all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law, and without regard to whether suit had been instituted or not, unless there is a saving clause as to existing litigation. *Springfield and Illinois Southeastern Railway Co.* v. *Hall,* 67 Ill. 99; *Dobbins* v. *First Nat. Bank,* 112 id. 553; *Winslow* v. *People,* 117 id. 152; *Illinois Central Railroad Co.* v. *City of Wenona,* 163 id. 288; *Woods* v. *Soucy,* 166 id. 407.

In *Springfield and Illinois Southeastern Railway Co.* v. *Hall, supra,* a proceeding to condemn land for a right of way was commenced under the act of 1852 relating to that subject, but before a trial was had the act of 1872 had taken effect, and it was held that the assessment of damages was properly made under the latter act. The court say: "Where proceedings of this character were *in fieri,*

it would necessarily follow that they must be completed under the new law. The State has the right to say on what terms it will allow its right of eminent domain to be exercised, so long as anything remains to be done by the corporation in order to complete the condemnation of the land."

In *Dobbins* v. *First Nat. Bank, supra,* on page 562 the court say: "It is a matter of every day's experience for legislatures to change the law of procedure, and when so changed, where there is no saving as to existing litigation, all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law."

In *Woods* v. *Soucy, supra,* on page 414 it is said: "There can be no vested right in any particular remedy or in any special mode of administering it. (*Bruce* v. *Schuyler,* 4 Gilm. 221; *Dobbins* v. *First Nat. Bank,* 112 Ill. 553.) While it is the general rule that statutes will not be so construed as to give them a retrospective operation unless it clearly appears that such was the legislative intention, still, 'where the act merely changes the remedy or the law of procedure, all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law.'—*Winslow* v. *People,* 117 Ill. 152; *Smith* v. *Bryan,* 34 id. 364; *Wood* v. *Child,* 20 id. 209; *People* v. *Peacock,* 98 id. 172."

In *Illinois Central Railroad Co.* v. *City of Wenona* it is said (p. 292): "There being no vested right in the city or village, the legislature had the right to change the procedure. Where there is no saving clause as to existing litigation in a repealing act which provides a new procedure, all rights of action will be enforced under the new procedure, without regard to whether they accrued before or after such change in the law and without regard to whether suit had been instituted or not.—*Dobbins* v. *First Nat. Bank,* 112 Ill. 553; *Winslow* v. *People,* 117 id. 152; *Holcomb* v. *People ex rel.* 79 id. 409."

It is further contended that the judgment rendered on August 24, 1899, was a final judgment, and that the court was without jurisdiction to enter the order of July 6, 1900, fixing the time within which the petitioner must take and pay for the property. As to the amount of compensation, the judgment of August 24, 1899, was final, (*Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 Ill. 141,) but not as to the question of the payment of such compensation or the right to possession of the property condemned. Even after affirmance, on appeal, the petitioner had the right to elect to abandon the improvement and decline to make payment of the compensation awarded and take the property condemned. Upon the payment of the compensation the court has jurisdiction to award the possession of the premises to the petitioner, which is the final step in the proceeding. "A judgment of condemnation is final as to the amount of compensation unless appealed from, but it is not a final step in the condemnation until the compensation is paid, for the condemning party may abandon the condemnation even after an affirmance of the judgment appealed from. In such case the order for possession, made after payment of the damages awarded, is the final step in the proceeding." (7 Ency. of Pl. & Pr. p. 622.)

We are of the opinion that the judgment of August 24, 1899, having failed to fix the time when the petitioner should pay to the appellees the compensation awarded them by the jury, the court had jurisdiction to fix such time, upon notice to the petitioner, at a subsequent term, and that the order of July 6, fixing such time, was a valid exercise of such jurisdiction.

The amounts allowed the appellees as attorneys' and stenographers' fees, in our opinion, are reasonable and were fully justified by the evidence.

Complaint is made by appellees that the court wrongfully declined to allow them as expenses the amount paid by them to their expert witnesses who testified to

the value of the land sought to be taken upon the trial of the case. As no cross-error is assigned, that question is not preserved and is not properly before us for our determination.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*