(No. 11995.—Judgment affirmed.)

THE PEOPLE ex rel. Edward J. Foote et al. Appellants, vs.
WALTER CLARK et al. Appellees.

*Opinion filed April 17, 1918.*

1. HIGHWAYS—*right to have a highway narrowed is statutory.*
An existing public highway cannot be narrowed unless legislative
authority especially provides therefor, as no such right exists at
common law.

2. SAME—*the State has full power over all public highways.*
The State has paramount authority over all public ways and pub-
lic places, and the legislature may, in the absence of special con-
stitutional restrictions, regulate or discontinue public highways or
invest municipal corporations with authority to do so.

3. SAME—*amendment of 1917, concerning narrowing of roads,
affects pending mandamus proceeding.* The amendment of 1917
to section 74 of the Road and Bridge law of 1913, giving a discre-
tion to the highway commissioners to grant or deny a petition to
narrow a road, applies to a proceeding, which was pending when
the amendment was passed, for a writ of *mandamus* to compel the
commissioners to narrow a road in accordance with a petition filed.

4. SAME—*filing petition to narrow road does not fix rights of
parties.* The filing of a petition to require highway commission-
ers to narrow a road in accordance with the statute does not fix
the rights of the parties so as to prevent the legislature, during
the pendency of *mandamus* proceedings against the commissioners,
from making the granting of such petition subject to the discretion
of the commissioners instead of mandatory.

APPEAL from the Circuit Court of LaSalle county; the
Hon. SAMUEL C. STOUGH, Judge, presiding.

J. E. MALONE, JR., for appellants.

WOODWARD & HIBBS, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the
court:

This was a petition for a writ of *mandamus* filed in the
circuit court of LaSalle county to compel the commissioners
of highways of the town of Vermilion, in said county, to

narrow a road to the width of forty feet. The writ was denied and the petition dismissed. From the order dismissing the petition and refusing the writ this appeal was prosecuted to this court.

In May, 1916, appellants filed their petition with the town clerk of said town to narrow a road one mile in length under the provisions of section 74 of the Road and Bridge act of 1913, the signers to said petition representing the majority of the land owners along the line of said road. Thereafter the petition was presented to the highway commissioners of said town and denied, the commissioners refusing to reduce the width of the road. Later, in June, 1916, this petition for a writ of *mandamus* was filed. While the petition was pending in the circuit court the legislature amended section 74 of the Road and Bridge act, said amendment going into effect July 1, 1917. On November 2, 1917, the parties to this cause stipulated that "if it shall appear to the court that the right of the relators to have the writ of *mandamus* prayed for has not been affected or destroyed by the passage of the act above referred to, then and in such event an order awarding the peremptory writ of *mandamus* as prayed for shall be entered herein; and if, on the contrary, it shall appear to the court that the said act herein above referred to has destroyed the right of the relators to have said writ issue, then and in such event said petition shall be dismissed." A jury was waived and the cause submitted to the court for trial upon the stipulation. The trial judge held that the amendment controlled at the time of the hearing and dismissed the petition.

The sole question involved in this appeal is whether section 74 of the act of 1913 as it stood on the statute books at the time this petition for *mandamus* was filed should control at the time of the hearing, or whether the amendment of said section in force July 1, 1917, should control the hearing on November 2, 1917.

Section 74 of the Road and Bridge act of 1913, so far as it applies to the point here at issue, reads: "The commissioners of highways of any town or road district may reduce the width of any existing public road within any town or road district to a width of forty feet when the same is petitioned for by a majority of the land owners along the line of said road, within said town or district." (Laws of 1913, p. 552.)

In *People* v. *Commissioners of Highways*, 270 Ill. 141, it was held that when a petition conforming to the provisions of the above section 74 was filed with the highway commissioners it was mandatory upon said commissioners to grant the petition. (See to the same effect, *People* v. *Highway Comrs.* 279 Ill. 542; *People* v. *Highway Comrs.* 280 id. 24.) In 1917, while this petition for *mandamus* was pending in the circuit court, the legislature amended part of said section 74, so that it now reads as follows: "The commissioners of highways of any town or road district may *in their discretion* reduce the width of any existing public highway in any town or road district to a width of forty feet when the same is petitioned for by a majority of the land owners along the line of said road within said town or district." (Hurd's Stat. 1917, p. 2544.) The amendment, so far as it affects the question here, inserted the three words in italics, viz., "in their discretion." The history of the various amendments to this section of the Road and Bridge act bearing on this question is set out in some detail in *People* v. *Commissioners of Highways, supra,* and need not be again stated here, except to say that the Road and Bridge law as it existed before the enactment of section 74 of the act of 1913, left it permissive with the road commissioners whether such petition should be granted or not. After this court held in *People* v. *Commissioners of Highways, supra,* that the law as it then stood was mandatory upon the commissioners and not permissive or in any way left to their judgment, the legislature, probably

because of that decision, modified the law again, so as to leave it permissive with commissioners of highways whether such petition should be granted or refused.

At common law there was no statute or provision of the law under which an existing public highway might be narrowed. Unless legislative authority especially provides for the same, there is no right or privilege to any person or persons to have a highway narrowed. (See 13 R. C. L. 62; 15 Am. & Eng. Ency. of Law,—2d ed.—393.) It has uniformly been held that the·legislature of this State, representing the public at large, has full and paramount authority over all public ways and public places, and that under such plenary power the legislature may, in the absence of special constitutional restrictions, vacate or discontinue the right of the public in such public highways or invest municipal corporations with such authority. (*Cicero Lumber Co.* v. *Town of Cicero,* 176 Ill. 9.) In *South Carolina* v. *Gaillard,* 101 U. S. 433, the court said (p. 438): "It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect it cannot be after." This right or remedy to narrow a road must be held special under the statute, for it applied only to one particular subject, viz., the reducing of the width of an existing public highway. "The bringing of suit vests in a party no right to a particular decision, and his case must be determined on the law as it stands, and not when the suit was brought but when the judgment is rendered." (Cooley's Const. Lim.—7th ed.—543, and cases cited. See to the same effect, 6 R. C. L. 322.)

The constitution of the United States does not, in terms, prohibit the enactment by the States of retrospective laws which do not impair the obligation of contracts or partake of the character of *ex-post facto* laws. (6 R. C. L. 303.) But a statute will only be given retrospective effect when

it is clearly the intention of the legislature that it should so operate. (*Hathaway* v. *Merchants' Loan and Trust Co.* 218 Ill. 580.) When the law only affects the remedy or procedure, the rule in this State is that all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law and without regard to whether the suit had been instituted or not, unless there is a saving clause as to existing litigation. (*Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579, and authorities there cited.) The legislature, however, cannot pass a retrospective or an *ex-post facto* law impairing the obligation of a contract, nor can it deprive a citizen of any vested right, by a mere legislative act. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553.) "This is a principle of general jurisprudence, but a right to be within its protection must be a vested right. It must be something more than a mere expectation, based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain." (1 Lewis' Sutherland on Stat. Const.—2d ed.—sec. 284. See, also, 6 R. C. L. 308, 309.)

Counsel for appellants insists that their rights, after the filing of the petition under the old law, became fixed and vested in them as the law then existed, as it made it mandatory upon the commissioners to grant said petition, and that therefore, under the decisions of this court heretofore cited, in construing section 74 of the act of 1913 these petitioners were entitled to the strip of land of the old roadway where it was vacated, opposite the property owned by the respective land owners. If the doctrine laid down in Cooley's Constitutional Limitations is good law, that the bring-

ing of a suit vests in the party no right to a particular decision and that the case must be determined on the law as it stood when the judgment was rendered and not when the suit was brought, then this argument of counsel is without merit and the right was not vested by the filing of the petition for *mandamus*. *Vance* v. *Rankin*, 194 Ill. 625, was a petition for a writ of *mandamus* filed in the circuit court of McLean county to compel certain municipal authorities to pass an ordinance disconnecting the territory mentioned in the petition from such municipality under the provisions of the law in force at the time the petition was filed, as this court had held theretofore in *Young* v. *Carey*, 184 Ill. 613, that when such petition was filed it was mandatory and not discretionary with the municipal authorities to grant it. Thereafter, and while the petition for *mandamus* in the *Vance case* was pending, the legislature passed a law amending the former act as to disconnecting territory from municipalities, making it discretionary with the municipal authorities, rather than mandatory, as to whether such petition should be granted. This court held in that case that the legislature had power to repeal the act for disconnecting territory and make such repeal apply to pending litigation. If the filing of the petition for *mandamus* fixed the right of the petitioners, as argued in *Vance* v. *Rankin, supra,* and made it a vested right, as is argued in this case by counsel for appellants, then the legislature would have no right to take away this vested right by any law that it could enact, and it was held in that case that the legislature could take away such right, if any there were. It is true, as argued by counsel for appellants, that that amendment, passed with reference to disconnecting territory from cities, stated that it should apply to all pending legislation, but we are citing the *Vance case* as to its bearing on the question as to whether the right of appellants became vested by the filing of the petition for *mandamus* in the circuit court in this case, and clearly under the reasoning in that case, in line

with the authorities heretofore cited on this point, the beginning of the suit did not fix the right of appellants and make it a vested one as to having the petition granted. Under that decision the law in force when the judgment was rendered was held to control, and not the law in force when the suit was instituted. This is practically the effect of the holding in *Chicago and Western Indiana Railroad Co. v. Guthrie, supra,* where a petition was filed to condemn land, and before judgment was entered in the trial court in that case the Eminent Domain law was amended, providing that the petitioner should pay the defendant's costs, expenses and reasonable attorneys' fees upon failing to pay full compensation within the time fixed by the order of court. This court held that this amendment controlled as to the payment of such costs and attorneys' fees in that case, and affirmed the judgment of the trial court in charging $2993.63 as such costs and attorneys' fees against the petitioner for failing to take the land condemned within the time fixed by the trial court.

While this court has repeatedly held that the value of the land taken in condemnation proceedings must be fixed as of the time when the petition is filed and not at the date of taking, still it held in the *Guthrie case,* as heretofore stated, that the amendment passed after the filing of the petition, providing that costs and fees might be charged against the petitioners, was valid and should control as to pending proceedings. If the rights of the petitioners had been fixed in all particulars by the filing of the condemnation petition this court would not have so held.

In *Holcomb* v. *Boynton,* 151 Ill. 294, the court had under consideration a question like this, where a statute was repealed without a saving clause as to pending proceedings. The statute was with reference to a mechanic's lien. A petition for such a lien had been filed in the county court and that court had rendered a decree for a lien. The statute was repealed after the entering of the decree, and a sale

was made after the repeal of the act under which jurisdiction was claimed. It was held that the sale was void and that no rights could be acquired thereunder, as the former act had been repealed before the decree of sale was entered. See, also, a similar line of reasoning as to rights being vested by the commencement of a suit, in *VanInwagen* v. *City of Chicago,* 61 Ill. 31; *Palmer* v. *City of Danville,* 166 id. 42; *Spaulding* v. *White,* 173 id. 127; *Sharp* v. *Sharp,* 213 id. 332.

The conclusion necessarily follows from the authorities cited, that the rights of appellants did not become fixed and vested by the filing of their petition in the circuit court in this case. This being so, there can be no question that if the legislature had stated in terms that the amendment should apply to pending litigation it had power to so provide, and if this change in the Road and Bridge law should be classed as a change in the remedy or procedure, then the trial court rightly held that the law, as amended, should control in deciding the case and not the law as it stood at the time the petition for *mandamus* was filed, for counsel for appellants concedes that no one has a vested right in a particular remedy or mode of procedure for the redress of grievances, and that the legislature may change the procedure and have the change apply to pending litigation.

Counsel for defendants, however, insist that the amendment to the Road and Bridge law did not merely change the remedy or procedure but affected substantive rights. The authorities generally agree that the word "procedure" "includes in its meaning whatever is embraced by the three technical terms, pleading, evidence and practice. And practice, in this sense, means those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in. Evidence, as a part of procedure, signifies those rules of law whereby we determine what testimony is to be admitted and what rejected in each case, as well as what weight is to be given to

the testimony admitted." (3 Rawle's Bouvier's Law Dict. 2729; *Kring* v. *Missouri*, 107 U. S. 221; 1 Bishop on Crim. Proc.—3d ed.—sec. 2.) In accordance with the principle that the constitutional prohibition as to vested rights does not prevent the legislature from making changes in procedure, "it has been established that changes as to judicial tribunals, generally, are to be considered as relating to the remedy, only. Therefore, without coming within the terms of this prohibition, a State may abolish old courts and create new ones; enlarge or diminish the powers of an existing court; transfer jurisdiction from one court or tribunal to another; make changes as to the number of judges who shall preside at a trial; make changes as to venue; and, generally, any other changes in the modes of procedure or in the instrumentalities of justice, so long as all the substantial protections with which the existing law surrounds the person accused of crime are left unimpaired." (6 R. C. L. 296.) This court, in defining "remedy," said: "By remedy is meant the judicial means for enforcing a right or redressing a wrong." *Walters* v. *City of Ottawa*, 240 Ill. 259.

Having in mind these definitions of "procedure" and "remedy," did the change in the Road and Bridge law affect only the remedy or procedure and not a substantive right? It may be said here as was said by this court in *Dobbins* v. *First Nat. Bank, supra,* on page 562: "While the above general propositions are readily conceded and recognized by all, yet doubts and difficulties frequently arise in applying the principles which they announce." It may assist us in applying these principles to the facts in this case to review, briefly, some of the decisions where a similar question has been passed on.

In *Springfield and Illinois Southeastern Railway Co.* v. *Hall,* 67 Ill. 99, there was a proceeding to condemn land for a right of way, commenced under the act of 1852 relating to that subject, but before a trial was had the legislature in 1872 passed an act changing the proceeding as to the con-

demnation of land and the method of assessing damages. It was held in that case that the new law, and not the old, applied at the time of the trial.

In *Dobbins* v. *First Nat. Bank, supra,* this court had under consideration whether a statute passed in 1845 or a statute passed in 1872 controlled in certain litigation. The statute of 1845 provided that every judgment in any court of record "shall be a lien on the lands, tenements and real estate of every person against whom judgment has been or hereafter shall be obtained, "from the last day of the term of the court in which the same may be rendered, for the period of seven years,' " while the statute of 1872 provided "that a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer." Under the act of 1845 the judgment did not become a lien unless an execution should issue within a year from the date of the rendering of the judgment, while under the act of 1872 the judgment of a court of record became a lien from the day it was rendered but the lien was lost if the execution was not issued within a year. It was held that the later law governed and controlled, even though certain judgment creditors lost their lien as the result of such holding.

*Winslow* v. *People,* 117 Ill. 152, was a suit on the bond of a guardian, given in 1867. It was held that under the law of 1867, before suit could be brought on the bond a *devastavit* or wasting of estate must be established. In 1874 a statute was passed allowing a suit to be brought against a guardian without the establishment of a *devastavit.* In that case the bond was given when the law of 1845 was in force, and it was held that the suit to enforce the bond should follow the provisions of the act of 1874.

In *Illinois Central Railroad Co.* v. *City of Wenona,* 163 Ill. 288, the court construed the effect on a special tax pro-

ceeding of a statute passed modifying the former statute. The special tax proceeding was begun in the county court under the former act before it was amended. Under the act as it stood at the time the petition was filed, the finding of the special assessment commissioners was conclusive on the question of benefits to the property assessed and the court had no power to pass on the question of benefits. By the amendment to said special assessment law, passed pending the proceedings in the county court as to the confirmation of the assessment, it was provided that no special tax should be levied or assessed upon any property to pay for any local improvement in an amount in excess of the special benefit which such property should receive, and the question of benefits and amount of such special tax should be subject to the review and determination of the county court. Under the original act the filing of the petition in the county court, the giving of notice in pursuance of the statute and confirmation of the assessment roll were all that was necessary to constitute a valid judgment of the assessment, and the court could not, on the hearing, inquire into the question of benefits. It was held in that case that the modification of the law was merely a change in the method of procedure, and that there was no right in the city or village or the property owner as to this question of benefits. That was fixed by the commencement of the proceedings in the county court before the modification of the act as it then stood. That case, it seems to us, is very like, in principle, to the one involved here. The point was relied on and argued in that case that the right of the city on a question of benefits was fixed by the finding of the commissioners and was a substantive right that could not be changed by the court, as it is argued here that the filing of this petition while section 74 of the act of 1913 was in force established a substantive right in the petitioners.

*Woods* v. *Soucy*, 166 Ill. 407, was an ejectment proceeding. It appears that under the statute governing ejectments,

passed in 1865, certain notices were necessary in order to terminate the lease before ejectment could be brought. In 1895 the law was changed with reference to the giving of notice before the ejectment proceedings were commenced. The lease was executed while the old law was in force. The court held that such question of notice was purely a question of remedy or procedure and that the law in existence at the time of the hearing of the ejectment case controlled in the matter.

*Chicago and Western Indiana Railroad Co.* v. *Guthrie, supra,* was a case that it seems difficult to distinguish, on principle, from the case here under consideration. A petition for condemnation had been filed in the county court of Cook county, and pending the hearing the law was amended so that the costs and attorneys' fees, under certain conditions, could be charged to the petitioner. It would seem that it might well be argued, as it was argued, that the amendment gave a new right to the property owners after the proceedings had been instituted, and yet this court held the amendment of the law merely affected the method of procedure,—the remedy,—and that therefore the amended law governed at the time of the hearing and not the original act.

In *People* v. *Massieon,* 279 Ill. 312, the court had under consideration a question affecting the approval of a plat of a subdivision in a city. The plat had been submitted to the city council complete in all particulars, as required by the statute then in force. Before the council had approved the plat the legislature passed an amendment to the act for platting subdivisions in municipalities, requiring certain other things to be done by the property owners before the plat should be approved by the city council. Nothing was said in the amendment as to its applying to any plats that had already been submitted for approval. It was held in that case that the amendment did not apply to the plat already submitted to a city council. The amendment provided that

no plat of a new subdivision "shall be approved by a city unless all redeemable sales for unpaid taxes have been redeemed and all forfeited taxes paid and such fact indorsed on the plat by the county clerk." If the amendment had been applied in that case it would have compelled the maker of the plat to procure the indorsement provided for in the act, and if all unredeemed sales, as well as all unpaid taxes or special assessments, had not been redeemed and paid, then such person would have had to redeem and pay all such taxes and procure the indorsement upon the plat, as provided by the amendment, before he would have been entitled to have the plat approved. In the case at bar the amendment to the act does not require appellants to do anything more than they have already done in order to institute their cause of action. The petition itself was just as good and sufficient as when it was filed, and the remedy was to be given, in our judgment, under the changed procedure.

Under the general definition given heretofore to "procedure," we think the amendment of the Road and Bridge law here in question could readily be considered as a part of the procedure or remedy. The amendment simply enlarged the powers of the highway commissioners, and this is the same, in principle, as enlarging the powers of the trial court during the pendency of the suit, and such a change of the law was held to be a remedy or change in procedure in *Chicago and Western Indiana Railroad Co.* v. *Guthrie, supra,* and *Illinois Central Railroad Co.* v. *City of Wenona, supra.* (See, also, to the same effect, *City Council of Anderson* v. *O'Donnell,* 1 L. R. A. 632, and authorities cited in note.) This being the proper construction of this statute, it necessarily follows that the judgment of the trial court was correct.

The judgment of the circuit court of LaSalle county will therefore be affirmed.                    *Judgment affirmed.*