(No. 1995— ▮▮▮▮)

Moweaqua Home Telephone Company, Claimant *vs.* State of Illlinois, Respondent.

*Opinion filed March 13, 1935*
*Rehearing denied March 10, 1937.*

S. S. Clapper, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

Claimant alleges that on the 15th day of June, 1932, and before that, it had permission of the Village of Moweaqua, a municipal corporation, to construct and lay in conduits beneath the surface of South Main Street in that Village, for

certain telephone lines and wires in lead cables for the purpose of establishing a telephone system, and on that date, the Department of Public Works and Buildings, which had laid a concrete highway north and south through the Village of Moweaqua on North and South Main Street, known as State Hard Road Route No. 2, by its employees, drove an iron or steel post at the intersection of South Main Street and Wall Street at Moweaqua, for the purpose of erecting thereon a sign commonly called a stop sign to prevent drivers of vehicles from entering on to State Hard Road Route No. 2 without first stopping; that in driving the iron or steel post, the workmen for the State drove it through the lead cable containing the telephone lines of the claimant, thereby destroying the usefulness of the lines until the same could be repaired. There is also an itemized statement of the repairs which were made to the property of the claimant in the sum of $38.25.

A stipulation of facts is contained in the file and the fact that the iron or steel post was driven through the lead conduits of the claimant, is admitted.

The Attorney General while admitting the damage to the wires of the claimant company, states that while the State, in the construction, maintenance and operation of its hard road system is in the exercise of its governmental functions, there is no technical legal liability, and admits that in similar cases this court has heretofore granted awards in such cases.

It does not appear that the employees of the State knew, or should have known of the existence of the conduits beneath the surface of the ground.

The State has paramount authority over all public highways and the Legislature may, in the absence of special constitutional restriction, regulate or discontinue public highways or invest municipal corporations with authority to do so.

*People ex rel. Foote* v. *Clark*, 283 Ill., 221.

The Legislature having authorized the building of the State Highway No. 2, it impliedly at least, authorized the erection of a stop sign for the purpose of protecting the general public.

The Village of Moweaqua, apparently, for ought appears in the file, had the right to give its consent to the laying of the conduits in question, but it did not give any greater or superior right than the State had in the same highway, and

34

nothing having appeared upon the surface that would give the agents of the State any notice of the property of the claimant beneath the surface, it does not seem reasonable to hold that the State must first make an investigation before driving an iron or steel post into the ground for the purpose that it did in this instance.

While it is unfortunate that the property of the claimant was damaged, we cannot see that the cause of the damage was the wilful or negligent act of the agents of the State.

The claim, therefore, will be denied. Case dismissed.