(Nos. 24986, 24987.— )
THE PEOPLE *ex rel.* Emil Eitel *et al.* Appellees, *vs.* HORACE G. LINDHEIMER, County Collector, *et al.* Appellants.— THE PEOPLE *ex rel.* Sears Roebuck & Co., Appellee, *vs.* HORACE G. LINDHEIMER, County Collector, *et al.* Appellants.

*Opinion filed April 14, 1939—Rehearing denied June 7, 1939.*

368

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellants.

ADAMS, NELSON & WILLIAMSON, (ROBERT MCCORMICK ADAMS, RUSSELL J. TURNEY, and E. DOUGLAS SCHWANTES, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Horace G. Lindheimer, as successor to Robert M. Sweitzer, county treasurer and *ex officio* collector of Cook county, and Michael J. Flynn, as county clerk, have appealed from two judgments of the Cook county circuit court. Each of the judgments awards a writ of *mandamus,* commanding a refund in cause No. 24986, and a credit in cause No. 24987, of taxes erroneously paid in a prior year. The causes have been consolidated for the purpose of this opinion.

Cause No. 24986 will be referred to as the Eitel case and cause No. 24987 as the Sears Roebuck case. The question involved in the Eitel case is the right to a refund of excess taxes erroneously paid for the year 1927, and in the Sears Roebuck case to a credit in subsequent years for excess taxes erroneously paid for the year 1928. The claims of appellees are based on section 268b added to the Revenue act in 1934, (Laws of 1933-1934, third spec. sess. p. 230,) and section 4 of the act relating to statutes. (Ill. Rev. Stat. 1937, chap. 131, par. 4.) The petition in each case was filed in April, 1935. Section 268b of the Revenue act was expressly repealed by section 2 of the act of July 5, 1935, (Ill. Rev. Stat. 1937, chap. 120, par. 337b.) The judgments awarding the writs were entered on July 23, 1938.

The repealed section 268b of the Revenue act provided for the crediting, in subsequent years, or a refund of excess taxes paid on an over-assessed valuation of property for any year where the over-assessed valuation was ordered corrected and reduced by a competent tribunal. If the party paying such taxes still owned property subject to taxation, the excess paid, with interest, was to be credited on the taxes for subsequent years. If he no longer owned any

such property he was entitled to a refund. The duty of carrying out such provisions was imposed upon the proper officials. Sears Roebuck and Company still owned property subject to taxation. The Eitels did not.

Section 4 of the act relating to statutes provides that no new law shall be construed to repeal a former law, whether expressly repealed or not, as to any right accrued, or claim arising under the former law, or in anyway to affect any right accrued or claim arising before the new law takes effect, save, only, that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding.

The excess tax was voluntarily paid in each case. In the Eitel case the taxes for 1927 were extended in the amount of $136,860.92, of which $123,174.83 was paid. The Eitels filed objections to the collector's application for judgment and order of sale for delinquent taxes for that year. The county court found the assessed valuation was excessive and invalid to the extent of $799,998 and found the correct amount of the tax was $98,060.98. This left an overpayment of $25,113.84. This is the amount, together with interest of $15,444.99, which the circuit court ordered refunded to the Eitels.

In the Sears Roebuck case there was an invalid overvaluation in the quadrennial assessment made for the years 1928, 1929 and 1930. The taxes on that valuation were paid for the year 1928. Objections, claiming the taxes for 1929 were excessive in the amount of $46,145.32, were filed in the county court to the collector's application for judgment and order of sale for 1929. Upon certificates of error by the board of assessors admitting a mistake in the quadrennial assessment, the court corrected and reduced the assessed valuation. The parties stipulate that the excess paid for the year 1928 is $43,791.51. No objections were filed in the county court as to the valuation of the property for the year 1928, and no order of refusal of judgment

was entered upon the 1928 application for judgment. Sears Roebuck and Company claims that because the over-valuation occurred in the quadrennial assessment, the order reducing the assessed value under the objections to the 1929 taxes was a finding of over-assessed value for the year 1928. The circuit court took that view and ordered the sum of $43,791.51, together with interest of $21,589.61, to be credited on assessments for subsequent years, beginning with the year 1938.

Appellants claim that appellees had no vested right under section 268b of the Revenue act; that its repeal, without a saving clause, left them without any remedy, and that section 4 of the act relating to statutes is not applicable. They also claim the proceedings in the Sears Roebuck case did not relate back to the valuation or to the taxes for the year 1928. The appellees in both cases claim that the repealing statute was not retrospective and, therefore, their rights under section 268b of the Revenue act were saved by section 4 of the act relating to statutes. They further claim their rights under section 268b were vested and could not be divested by repeal.

We first notice the claim that appellees' rights were vested. This prompts an inquiry as to the source and nature of such rights. The obligation of the citizen to pay taxes is purely a statutory creation, and taxes can be levied, assessed and collected only in the method pointed out by express statute. (*People* v. *Sears,* 344 Ill. 189; Cooley on Taxation, (2d ed.) p. 15.) So, also, any right to a refund or a credit of taxes is purely of statutory origin, and in the absence of an authoritative statute, taxes voluntarily, though erroneously, paid, cannot be recovered, nor even voluntarily refunded by a county, although there may be justice in the claim. (*LeFevre* v. *County of Lee,* 353 Ill. 30.) Therefore, section 268b of the Revenue act is the exclusive source upon which any claim of a right by appellees to a refund or a credit must necessarily be based.

When the legislature enacted section 268b it presumably knew our holding in the *LeFevre case,* and prior decisions, that taxes voluntarily paid could not be recovered, and intended it as a remedial measure. Since such right or remedy applied only to one particular subject it must be held to be a special remedy. (*People* v. *Clark,* 283 Ill. 221.) The question then arises whether the granting of a special remedy operates to give a vested right in such remedy, which cannot be abrogated by repeal of the remedy. It has long been the established law that the legislature cannot pass a retrospective or an *ex post facto* law impairing the obligation of a contract, nor can it deprive a citizen of any vested right by a mere legislative act. (*People* v. *Clark, supra; Dobbins* v. *First Nat. Bank of Peoria,* 112 Ill. 553.) Therefore, if appellees had a vested right under section 268b it could not be divested by the repealing statute. They cite and rely upon cases covering vested interests acquired by will, (*People* v. *Sears, supra,*) by deed, (*Martin* v. *Karr,* 343 Ill. 296; *Havill* v. *Havill,* 332 id. 11; *Preachers' Aid Society* v. *England,* 106 id. 125;) by contract, (*People* v. *Board of Education,* 349 id. 291; *Rothschild* v. *Village of Calumet Park,* 350 id. 330; *Thompson* v. *Alexander,* 11 id. 54; *Reynolds* v. *Hall,* 1 Scam. 35;) cases where no repeal of a former statute was involved, (*Illinois Zinc Co.* v. *Intrial Com.* 295 Ill. 141; *In re Tuller,* 79 id. 99; *People* v. *Nelson,* 349 id. 193;) and cases where the new statute was a revision or amendment changing or continuing a penalty or a remedy. *Kelly* v. *People,* 29 Ill. 287; *Roth* v. *Eppy,* 80 id. 283; *People* v. *Zito,* 237 id. 434; *White Sewing Machine Co.* v. *Harris,* 252 id. 361; *Ziolkowski* v. *Continental Casualty Co.* 365 id. 594; *Woolley* v. *Alexander,* 99 id. 188; *Farmer* v. *People,* 77 id. 322.

Manifestly, cases where a vested title arose from a source outside the repealed statute, such as by will, deed or contract, and cases where no repeal of a former statute was involved, do not tend to show the rights of appellees

were vested. The cases above cited where the new statute was a revision or amendment changing or continuing a penalty or remedy do not deal with total express repeals of former statutes, but involve the retrospective effect of the new statute and the application of saving clauses in the same or separate statutes saving penalties or remedies. This phase of the controversy will be discussed later.

That the legislature cannot pass a retrospective law impairing the obligation of a contract, nor deprive a citizen of a vested right, is a principle of general jurisprudence, but a right, to be within its protection, must be a vested right. It must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain. (*People* v. *Clark, supra; Dodge* v. *Board of Education,* 364 Ill. 547; 1 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 284; 6 R. C. L. 308, 309.) A retrospective statute affecting vested rights is very generally considered in this country as founded on unconstitutional principles and consequently inoperative and void; but this doctrine is not understood to apply to remedial statutes of a retrospective nature not impairing contracts or disturbing absolute vested rights. (*People* v. *Clark, supra; Fairfield* v. *People,* 94 Ill. 244.) The legislature has the undoubted right to repeal all legislative acts which are not in the nature of a private grant. (*Wall* v. *Chesapeake and Ohio Railway Co.* 290 Ill. 227; *Smolen* v. *Industrial Com.* 324 id. 32; *Sharp* v. *Sharp,* 213 id. 332.) The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted be-

fore the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered. (*Merlo* v. *Johnston City and Big Muddy Coal Co.* 258 Ill. 328; *People* v. *Clark, supra; South Carolina* v. *Gaillard,* 101 U. S. 433; Cooley's Const. Lim. (2d ed.) 381.) We have had several occasions to consider cases involving those principles.

In *People* v. *Clark, supra,* a mandatory statute compelled the commissioners of highways to narrow a road when petitioned by a majority of the adjoining landowners. Such a petition was filed and denied by the commissioners. During the pendency of a *mandamus* suit to compel compliance with the statute, the act was amended making the narrowing discretionary with the commissioners. The land owners claimed a vested right under the old statute to the land that would have been vacated. We applied the above principles and held their rights were not vested, but were derived from the special statute which was procedural or remedial, and the repeal of the mandatory provision stopped the action where the repeal found it.

We held the same way in *Vance* v. *Rankin,* 194 Ill. 625, where a discretionary provision for disconnecting territory from a municipality was substituted for a mandatory provision while a suit was pending to enforce alleged rights under the mandatory requirement. It is true that in the *Vance case* there was a saving clause in the new statute. We recognized that fact in *People* v. *Clark, supra,* but it has no bearing on the question of whether a right is vested, and we approved the holding in the *Vance case* that the rights under the prior law were not vested. The same principles were applied, with similar holdings, in *Holcomb* v. *Boynton,* 151 Ill. 294; *Van Inwagen* v. *City of Chicago,* 61 id. 31; *People* v. *Board of Comrs.* 176 id. 576; *County of Menard* v. *Kincaid,* 71 id. 587; *Mix* v. *Illinois Central*

*Railroad Co.* 116 id. 502. In *Wall* v. *Chesapeake and Ohio Railway Co. supra,* and in *Smolen* v. *Industrial Com. supra,* we held there is no vested right in a public law which is not in the nature of a private grant, and, however beneficial a statute may be to a particular person or however injuriously the repeal may affect him, the legislature has the right to abrogate it. Appellees attempt to distinguish these holdings but the principle involved is the same. From the repeated application of the established rules mentioned the conclusion is inescapable that appellees have no vested rights under section 268b.

Adverting now to the claim that the repealing statute was not retrospective and that, therefore, all rights under the repealed law were saved by section 4 of the act relating to statutes, as we have seen, those rights were a special remedy depending solely upon section 268b. Section 2 of the act of 1935 is an express repeal of section 268b without any continuance or change of remedy as to the class embraced in the former statute which included every taxpayer. Section 1 of the act of 1935 provides for a refund or credit where judgment is entered affecting twenty-five per cent or more in number of the properties, but it is not shown or claimed that appellees come within that provision, and so far as they are concerned the repeal is absolute. As a general rule statutes are prospective, only, in their operation, and they will not be construed to have a retrospective operation unless the language used in the statute is so clear that it will admit of no other construction. (*Rothschild* v. *Village of Calumet Park, supra; People* v. *Board of Education,* 349 Ill. 291.) There are different methods by which a prior statute may be repealed,—*i. e.,* by express declaration, or by implication or through amendment or revision. Each of the above methods is governed by rules peculiarly applicable thereto, and it is necessary to keep the distinctions in mind in order to correctly apply the authorities to a particular situation. Where the legislature passes a repealing act and

nothing is substituted for the act that is repealed, the effect is to obliterate such statute as completely as if it had never been passed. (*Merlo* v. *Johnston City and Big Muddy Coal Co. supra.*) The holdings that such a repeal wipes out all remedies under the prior statute and leaves the parties where the repeal finds them, (*People* v. *Clark, supra,* and other authorities above cited,) necessarily makes the repealing act retrospective. The intent of the legislature that it should be so is manifest from the nature of the absolute repeal, which is quite different from an act which shows an intent to continue or only to change a remedy or penalty under a former statute. In *People* v. *Zito, supra,* it is pointed out that *Mix* v. *Illinois Central Railroad Co. supra, Holcomb* v. *Boynton, supra,* and *Vance* v. *Rankin, supra,* all clearly come within the provisions of the act relating to statutes that the rules of construction fixed thereby are only to be observed where such construction would not be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute. So, in this case, which is analagous to those herein mentioned, section 4 of the act relating to statutes is not applicable.

Other cases than those here reviewed are cited by the respective parties in support of their contentions, but it is impracticable to notice them individually. The cases mentioned sufficiently justify our conclusions. Appellees argue that the repealing statute is of doubtful constitutionality, but since we have held that no vested rights are involved it is not necessary to consider that question.

The judgments of the circuit court are reversed and the causes are remanded, with directions to dismiss the writ and the petition in each cause.

*Reversed and remanded, with directions, as to each cause.*